ALEXANDER WHITE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

CRIMINAL LAW — *assault with intent to inflict bodily injury — provocation.*
Upon the trial of a party charged with an assault with a deadly weapon, etc.,
it appeared that about nine o'clock at night, startling noises were heard out-
side the house of the defendant and very near to it, consisting of the firing of
guns and the noise of many voices, frightening the family, and the defendant
as the head of the family rushed out of the house, chasing such of the in-
truders as he encountered, the firing and noise still continuing, when one of
the invading party was shot, it being uncertain who fired the shot, and the
proof showing the previous good character of the defendant as a peaceable
and law-abiding citizen: *Held*, the jury should not have found, under the
facts as they must have appeared to the defendant, that there was no consid-
erable provocation appearing, although the proof showed that the invaders
were on no hostile errand in fact.

WRIT OF ERROR to the Circuit Court of DeKalb county;
the Hon. C. W. UPTON, Judge, presiding.

Mr. A. B. COON, Mr. A. J. HOPKINS, and Mr. D. J. CARNES,
for the plaintiff in error.

Messrs. DIVINE & DUNTON, Mr. CHAS. KELLUM, and Mr.
J. J. McKINNON, for the People.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Plaintiff in error was convicted in the circuit court of DeKalb
county upon the first count of an indictment charging him
with an assault with a deadly weapon upon one Avery, with
intent to inflict upon him a bodily injury, no considerable pro-
vocation then appearing. He was fined $25 and adjudged to
pay the fine and costs. He brings this writ of error asking
that the judgment be reversed.

After a careful examination of the proofs in this record, we
regard them as wholly insufficient to support the conviction.

The proof shows that Mr. White has long resided where the
offence is alleged to have occurred; that his reputation as a

peaceable, law-abiding and respectable citizen was beyond reproach; that at the time in question his family proper consisted of his wife and himself, and that with them at his house was a son of the accused (recently married) with his wife, and that the accused had a hired man living with him.

About nine o'clock at night, just as the father of the family had closed the regular evening family worship and after the inmates of the house had arisen from their knees, startling noises began outside of the house and very near to it, embracing the firing of guns and the noise of many voices. The female members of the family were greatly frightened; the son ran up stairs, probably in search of arms, and the father immediately rushed out of the house and chased such of the invaders as he encountered. The firing of guns or pistols, or both, with other noises, which had begun before he went out, was continued after he went out. Amidst the darkness and confusion, and the firing of shots, Mr. Avery, who was one of the intruders, received a gunshot wound in his leg. Some of the witnesses think this shot was fired by the accused. The clear weight of the evidence however is, that it was not. In view of the circumstances precluding opportunities for reliable observation on the part of the accusing witnesses, and the better means of knowledge on the part of the witnesses whose testimony goes to show that the accused did not fire the shot, we have no hesitation in saying that the proofs are not sufficient to warrant the finding in this regard. It was developed by the proofs that these riotous invaders of the privacy of the home of the accused were, in truth, on no hostile errand, but were engaged in the foolish and sometimes dangerous sport of a charivari. But it is not easy to see how a jury could find, under the facts as they must have appeared at the time to the accused, that there was "no considerable provocation appearing."

The judgment of the circuit court is reversed.

*Judgment reversed.*